UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

GERALD BUCHHEIT, JR.,

     Plaintiff,

v.                              Case No.:  2:26-cv-171-SPC-KRH

THE CINCINNATI INSURANCE
COMPANY,

     Defendant.

---

### OPINION AND ORDER

Before the Court is Defendant The Cincinnati Insurance Company's Motion to Dismiss.  (Doc. 15).  Plaintiff Gerald Buchheit, Jr., responded (Doc. 17), and Defendant replied.  (Doc. 23).  For the reasons below, the motion is granted.

This is an insurance recovery action.  Defendant provided a homeowner's insurance policy ("Policy") to Plaintiff for his property in Fort Myers ("Property").  After the Property suffered damage from Hurricane Ian, Plaintiff submitted an insurance claim to Defendant.  Defendant investigated the claim and issued payments totaling $359,968.49 to Plaintiff.  In August 2024, Plaintiff reported supplemental damages from the hurricane to Defendant.  Defendant investigated the supplemental damages, and its retained engineer issued a report indicating Hurricane Ian did not cause them.

On June 2, 2025, Plaintiff demanded appraisal under the Policy. Defendant declined to consent to appraisal, stating its position "that the supplemental damages either: (a) pre-dated the storm; (b) were not attributable to the storm; or (c) should be filed as a separate claim with a separate date of loss." (Doc. 4 ¶ 26). While Defendant did not agree to an appraisal, it requested a reinspection of the Property. After reinspection, Defendant repeated its coverage position but requested documentation regarding repairs Plaintiff made to damages to the Property. Plaintiff provided the requested information to Defendant. As of filing, Plaintiff has not received an "amended or updated claim position [from Defendant] with regard to the supplemental damages." (*Id.* ¶ 30).

Plaintiff sues Defendant for allegedly failing to pay for the supplemental damages to the property. Plaintiff brings claims for declaratory judgment, (Count I), breach of contract (Count II), and petition to compel appraisal and specific performance (Count III). Defendant moves to dismiss all three counts under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.

## Legal Standard

A district court should dismiss a claim under Rule 12(b)(6) when a party does not plead facts that make the claim facially plausible. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when a court can draw a reasonable inference, based on facts pled, that the opposing

party is liable for the alleged misconduct. *See Ashcroft v. Iqbal*, 556 U.S. 662, 668 (2009). This standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 557 (internal quotation marks omitted)). And a plaintiff must allege more than labels and conclusions amounting to a formulaic recitation of the elements of a cause of action. *See Twombly*, 550 U.S. at 555.

## Analysis

Defendant makes two arguments in its motion to dismiss. First, Defendant argues that Count I, to the extent it seeks a coverage determination, and Count II should be dismissed as unripe because it has not issued a final determination affirmatively denying coverage for damages to the Property. Second, it argues that Counts I and III should be dismissed because both counts seek a court order compelling appraisal, which Defendant is not required to participate in under the Policy.[1] For the below reasons, the Court finds both arguments have merit.[2]

---

[1] In its reply, Defendant raises a third argument that Count I is duplicative of Count III, as both counts seek to compel appraisal. (Doc. 23 at 5). While the Court finds this argument is properly presented, as Plaintiff raised the issue of duplicativeness in response (Doc. 17 at 5–7), it is unnecessary to resolve the motion. So the Court declines to analyze it.

[2] Count I seeks a declaratory judgement both that coverage is required and that Defendant is mandated to participate in appraisal (Doc. 4 ¶¶ 44d, 44h). For the reasons below, the Court finds the claim for a determination regarding coverage is unripe, and the claim for an order compelling appraisal fails on the merits. *See, e.g.*, *Heller Bros. Packing Corp. v. Illinois Union Ins. Co.*, No. 23-12060, 2024 WL 5103506, at *3 (11th Cir. Dec. 13, 2024) (noting district courts must "disaggregate" ripe and unripe portions of a suit because ripeness must be addressed "claim by claim") (internal citations omitted).

The Court first addresses ripeness. Defendant moves to dismiss Counts I and II, which seek a declaratory judgment that Defendant breached its obligations under the Policy and a judgment for breach of contract, respectively. It argues both claims are unripe because it has yet to issue a final determination regarding coverage for Plaintiff's claimed damages.[3] (Doc. 15 at 8, 9). The Court agrees.

A declaratory judgment action requires "the existence of an 'actual controversy' between the parties, a term which holds the same meaning as the cases and controversies requirement of Article III to the United States Constitution." *Blitz Telecom Consulting, LLC v. Peerless Network, Inc.*, 151 F. Supp. 3d 1294, 1302 (M.D. Fla. 2015) (citation omitted). "Under Florida law, the elements of a breach of contract claim are (1) a valid contract; (2) a material breach; and (3) damages." *Brush v. Miami Beach Healthcare Grp. Ltd.*, 238 F. Supp. 3d 1359, 1365 (S.D. Fla. 2017) (quotation omitted). "[A] claim for breach of an insurance policy under Florida law is not ripe if the insurance claims have not yet been denied." *Khan v. Metro. Cas. Ins. Co.*, No. 6:12-CV-1354-ORL-KRS, 2014 WL 12791874, at *3 (M.D. Fla. Mar. 6, 2014) (citing *Yacht*

---

[3] While Defendant moves under Rule 12(b)(6), its ripeness argument is more properly brought under Rule 12(b)(1), as ripeness speaks to the Court's subject matter jurisdiction. *See Poltar v. LM Gen. Ins. Co.*, 473 F. Supp. 3d 1341, 1347 (M.D. Fla. 2020). Nevertheless, the Court considers these arguments, as objections to subject matter jurisdiction may be raised "at any point in the litigation." *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012).

*Club on the Intracoastal Condo. Ass'n, Inc. v. Lexington Ins. Co.*, 509 F. App'x 919, 922–23 (11th Cir. 2013)).

The Court finds Plaintiff's claims for declaratory relief regarding coverage and breach of contract are not ripe. Plaintiff alleges that Defendant has not issued an amended claim position regarding coverage for the supplemental damages since it received the documentation Plaintiff sent. (Doc. 4 ¶¶ 28–30). In other words, Defendant has yet to make a "specific refusal to pay" the supplemental damages to the Property, which is the trigger for a breach of contract action. *Meir v. Westchester Surplus Lines Ins. Co.*, No. 22-61502-CIV, 2024 WL 2797364, at *2 (S.D. Fla. May 3, 2024) (quoting *Allstate Ins. Co. v. Kaklamanos*, 843 So. 2d 885, 892 (Fla. 2003)). Therefore, Plaintiff's claims for declaratory judgment regarding a coverage determination and breach of contract are not ripe. So the Court dismisses Counts I and Count II without prejudice. *See Yacht Club*, 509 F. App'x at 923 (affirming dismissal of a breach of contract claim without prejudice because insurance company had not yet issued a denial).

The Court now turns to Defendant's appraisal argument regarding Counts I and III. As a threshold matter, Count III is dismissed with prejudice because it is not a cognizable claim. *See Nolan v. Scottsdale Ins. Co.*, No. 2:26-CV-148-SPC-NPM, 2026 WL 554681, at *1 (M.D. Fla. Feb. 27, 2026) (holding that a petition to compel appraisal is not a viable claim) (citing cases). So the

5

Court only analyzes Defendant's appraisal argument with respect to Count I, insofar as it seeks to compel appraisal.

In Count I, Plaintiff seeks an order compelling Defendant to participate in appraisal.  (Doc. 4 ¶ 44h).  Participation in appraisal is only required when a binding contract mandates it.  *See, e.g.*, *Citizens Prop. Ins. Cor. v. Casar*, 104 So. 3d 384, 385–86 (Fla. Dist. Ct. App. 2013) ("Appraisals are creatures of contract . . . whether a party can be compelled to appraisal depend[s] on the contract provisions [at issue].") (citation omitted).  Therefore the question is whether the Policy requires an appraisal in this circumstance.

It does not.  The Policy's plain language, which Plaintiff cites in his amended complaint, requires mutual consent of the parties for appraisal to commence.  (*See* Doc. 4 ¶ 10 ("If [the insured and the insurer] fail to agree on the amount of loss, either party may request an appraisal of the loss. **However, both parties must agree to the appraisal**.") (emphasis added)).  Courts have denied motions to compel appraisal based on this exact language.  *See, e.g.*, *Green v. Cincinnati Ins. Co.*, No. 2:25-CV-431-JES-NPM, 2025 WL 2443698, at *1 (M.D. Fla. Aug. 25, 2025).  So, Plaintiff may not sue to compel Defendant to participate in an appraisal.  Count I, to the extent it seeks to compel appraisal, is dismissed with prejudice.

Accordingly, it is **ORDERED:**

6

1. Defendant The Cincinnati Insurance Company's Motion to Dismiss (Doc. 15) is **GRANTED**.

   a. Count I, to the extent it seeks a coverage determination, and Count II of Plaintiff's Amended Complaint (Doc. 4) are **DISMISSED without prejudice**.

   b. Count I, to the extent it seeks an order compelling appraisal, is **DISMISSED with prejudice**.

   c. Count III is **DISMISSED with prejudice**.

2. The Clerk is **DIRECTED** to terminate any deadlines, deny all pending motions as moot, and close the case.

**DONE** and **ORDERED** in Fort Myers, Florida on May 19, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record

7